JUSTICE RICE
dissenting.
¶28 I dissent from the Court’s reversal of Merrill’s conviction and order for a new trial.
¶29 In Herrick, upon which the Court exclusively relies, we first noted the principle offered by Herrick that “shackling, when observed by the jury, is inherently prejudicial,” but concluded, in rejecting Herrick’s due process argument, that the case presented “no indication of any impact on the presumption of innocence” because efforts had been taken to ensure “the restraints were not visible to the jury. Nothing of record shows or even suggests... that jurors or potential jurors saw the shackles.” Herrick, ¶¶ 18-19. We likewise rejected Herrick’s individual dignity argument, noting “[w]e again observe that nothing of record indicates that jurors or potential jurors saw Herrick’s leg restraints at any time.” Herrick, ¶ 35.
¶30 These facts, heavily emphasized hi Herrick, are overlooked today. But as in Herrick, there is nothing of record in this case which indicates that the jury saw Merrill’s shackles. Merrill did not argue that the jury saw him in shackles in his opening brief and, in his reply brief, argued that the jury “may” have seen him in shackles. Thus, the record does not permit an “indication of any impact on the presumption of innocence.” Herrick, ¶ 19. Similar to this emphasis in Herrick, many other courts have likewise held that “[a]n appellate court will not find error on the ground that the defendant was shackled unless it is shown that the jury saw the shackles.” State v. McMurtrey, 664 P.2d 637, 642 (Ariz. 1983) (citing cases).
¶31 On this basis-that the record is insufficient to factually support Merrill’s claim-I would affirm.